UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH A. WHITE, | ) | CASE NO. 5:23-cv-1551 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| vs. | ) | |
| | ) | |
| ALLSTATE INSURANCE | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This insurance action is before the Court upon the motion of defendant Everlake Life Insurance Company ("Everlake") to dismiss the complaint, under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. (Doc. No. 9 (Motion to Dismiss).) Defendants Lincoln Benefit Life Company ("Lincoln") and Allstate Insurance Company ("Allstate") join in the motion. (Doc. Nos. 11, 12).[1] Plaintiff Kenneth White ("White") did not file any opposition to Everlake's dispositive motion, and the time for filing a response has passed. Because the Court lacks subject matter jurisdiction over this lawsuit, the motion to dismiss is granted.

---

[1] The motions of Lincoln and Allstate to join in Everlake's motion to dismiss are granted.

I. **BACKGROUND**

White alleges that in 2005 he purchased a life insurance policy from Allstate, which was brokered through Lincoln. (Doc. No. 1 (Complaint),[2] at 8.[3]) He contends that defendant Ranice Westerfield ("Westerfield"), an employee of Allstate, and Allstate agent's, defendant Robert M. Malbasa ("Malbasa"), rewrote his policy in 2009 removing his children as beneficiaries of the policy and substituting Westerfield as the sole beneficiary. (*Id*. at 9–10.) White alleges the defendants did not have his authority or permission to change the beneficiaries in the policy. (*Id*. at 10.) He asserts claims for misappropriation of funds, breach of contract, breach of fiduciary duties, agency fraud, negligent misrepresentation, and conversion. (*See generally id*.) In his prayer for relief, White seeks $20,000.00 in compensatory damages and $15,000,000.00 in punitive damages. (*Id*. at 24.)

White asserts that diversity of citizenship is the basis of federal subject matter jurisdiction. (*Id*. at 2.) He avers that he "is a citizen of the State of Ohio. He is in Illinois due to incarceration." (*Id*. at 2; *see id*. at 5 (noting that White is an Ohio citizen who "is incarcerated in Illinois with an [Illinois] mailing address").) White alleges that Allstate and Everlake are incorporated in Illinois but have their principal places of business in Ohio. (*Id*. at 5–6.) He further states that Lincoln is incorporated in Nebraska and has its principal place of business in Ohio. (*Id*. at 6.) Finally, he alleges that both Westerfield and Malbasa are citizens of Ohio. (*Id*. at 6–7.)

---

[2] In the cover letter that accompanied the complaint, White advised the Clerk's Office that the present complaint represented a refiling of a prior action. (*See* Doc. No. 1-8 (Cover Letter), at 1.) The prior action, *White v. Allstate Insurance Co., et al*., N.D. Ohio No. 5:22-cv-604, was dismissed without prejudice by this Court on June 26, 2023, for want of subject matter jurisdiction. (*See* No. 5:22-cv-604, Doc. No. 81 (Memorandum Opinion).)

[3] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

## II. STANDARD OF REVIEW

A motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), challenges a Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). In other words, federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986). Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citation omitted).

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. Fed. R. Civ. P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. *See In re Title Ins. Antitrust Cases*, 702 F. Supp. 2d 840, 884–85 (N.D. Ohio 2010) (citing *Ohio Hosp. Ass'n v. Shalala*, 978 F. Supp. 735, 739 (N.D. Ohio. 1997)). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id*. A challenge to subject matter jurisdiction may be considered a factual attack when the attack relies on extrinsic evidence, as opposed to the pleadings alone, to contest the truth of the allegations. *Id*. The plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a

3

non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

Moreover, federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990), and may not entertain an action over which jurisdiction is lacking. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982). Defects in subject matter jurisdiction may even be addressed by the court on its own motion at any stage of the proceedings. *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539–40 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988).

### III. DISCUSSION

"There are two types of subject matter jurisdiction bestowed upon the federal district courts: federal question jurisdiction and diversity jurisdiction." *Lee v. Money Gram Corp. Off.*, No. 15-cv-13474, 2016 WL 3524332, at *1 (E.D. Mich. May 23, 2016); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). For diversity to lie, diversity must be complete, meaning that the citizenship of the plaintiff must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996); *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978) (noting that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff" (emphasis in original)).

The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law

creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983); *see Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987).

Diversity of citizenship does not exist in this case. White allege that he is an Ohio citizen incarcerated in a prison located in the State of Illinois. (Doc. No. 1, at 5.) The citizenship of a natural person equates to his domicile. *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) (citations omitted). Domicile in a state is established by "the intention to make [one's] home there indefinitely or the absence of an intention to make [one's] home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120, 1121 (6th Cir. 1973) (also noting "a person cannot acquire a domicile of choice in a place if he is there by virtue of physical or legal compulsion" (citations omitted)). Nor is domicile lost by protracted absence from home, where the intention to return remains. *Id*. at 1120.

"Most cases have uniformly held that incarceration does not change a prisoner's domicile for purposes of the diversity statute." *Tucker v. U.S. Bank, N.A.*, 1:13-cv-1260, 2014 WL 1224362, at *3 (N.D. Ohio Mar. 24, 2014) (citing *Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973) (noting that "[a] prisoner does not acquire a new domicile in the place of [his] incarceration, but retains the domicile he had prior to incarceration"); *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (per curiam) (same)). There is a rebuttable presumption that a prisoner's domicile is his domicile prior to incarceration. *Johnson v. Corr. Corp. of Am.*, No. 00-4439, 2001 WL 1298982, at *2 (6th Cir. Aug. 8, 2001) (citing *Stifel*, 477 F.2d at 1124)); *see Smith v. Cummings*, 445 F.3d

1254, 1260 (10th Cir. 2006) (noting that it is generally presumed that a prisoner remains "a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state" (citing *Sullivan v. Freeman*, 994 F.2d 334, 337 (7th Cir. 1991))).

As previously indicated, White alleges that he is a citizen of the State of Ohio, and that he is only residing in Illinois by virtue of his incarceration. (Doc. No. 1, at 2, 5.) Further, he makes no allegations that he intends to remain in Illinois after he has served his term of imprisonment. Consistent with the complaint allegations and the presumption regarding a prisoner's domicile, the Court finds that White is a citizen of Ohio.

Three of the defendants are corporations. Corporations are citizens of every state in which they are incorporated and every state in which they have their principal places of business. 28 U.S.C. § 1332(c)(1). White alleges that Everlake and Allstate are incorporated in Illinois and have principal places of business in Ohio. (Doc. No. 1, at 5–6.) He alleges that Lincoln is a Nebraska corporation with a principal place of business in Ohio. (*Id*. at 6.) He also alleges that the individual defendants, Malbasa and Westerfield, are both citizens of Ohio. (*Id*. at 6–7.) Because White avers facts that establish that both he and the defendants are citizens of Ohio, diversity jurisdiction does not exist.[4] *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C*., 176 F.3d 904, 907 (6th Cir. 1999) (diversity jurisdiction "exists only when no plaintiff and no defendant are citizens of the same state").

Accordingly, if federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks

---

[4] Because White is clearly not diverse from all of the defendants, the Court need not consider whether the complaint satisfies the $75,000.00 jurisdictional amount. *See* 28 U.S.C. § 1332(a).

only to the "well-pleaded allegations of the complaint and ignore[s] potential defenses" defendants may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (quotation marks and citation omitted). White raises seven state law causes of action in his complaint. He lists two federal statutes, however, in support of two of his claims. Specifically, he cites 15 U.S.C. § 80a-11 in support of his breach of contract claim, and he cites 15 U.S.C. § 80a-35 in support of his breach of fiduciary duties claim. (Doc. No. 1, at 7.) The first of these statutes, 15 U.S.C. § 80a-11, concerns the exchange of securities. The second statute, 15 U.S.C. § 80a-35, allows the Securities and Exchange Commission to bring an action for breach of fiduciary duty by an officer of a registered investment company. Neither of these statutes is relevant to the allegations in the complaint, which relate to the administration of an insurance contract. They cannot, therefore, be used to form the basis of federal question subject matter jurisdiction, and White has failed to demonstrate that the Court has subject matter jurisdiction under 28 U.S.C. § 1331. In absence of subject matter jurisdiction, the complaint is subject to dismissal.

**IV. CONCLUSION**

For the foregoing reasons, Everlake's motion to dismiss (Doc. No. 9) is granted, and this action is dismissed without prejudice for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that an appeal from this decision could not be taken in good faith. All remaining pending motions (Doc. Nos. 4, 5, and 8) are denied as moot.

**IT IS SO ORDERED**.

Dated: October 19, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**