# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH A. WHITE, | ) | CASE NO. 5:23-cv-1551 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ALLSTATE INSURANCE CO., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

The present lawsuit is a refiling of an insurance action plaintiff Kenneth A. White ("White") filed in 2022. *See White v. Allstate Insurance Co.*, No. 5:22-cv-604 (N.D. Ohio, filed 4/14/2022). On June 26, 2023, the Court dismissed this prior action *sua sponte*, without prejudice, after it determined that it lacked subject matter jurisdiction. (*See id.*, Doc. No. 81 (Memorandum Opinion); Doc. No. 82 (Judgment Entry).) On August 9, 2023, White filed the present action against many of the same defendants and raising similar state law insurance claims. (*Compare* No. 5:22-cv-604, Doc. No. 1 (Complaint), *with* No. 5:23-cv-1551, Doc. No. 1 (Complaint).) On October 19, 2023, the Court dismissed the present action without prejudice for lack of subject matter jurisdiction. (No. 5:23-cv-1551, Doc. No. 16 (Memorandum Opinion and Order); Doc. No. 17 (Judgment Entry).)

Following dismissal of this second filed action, White filed a series of post-judgment motions.[1] Collectively, the gist of these motions is that White takes issue with the Court's

---

[1] Specifically, White filed the following motions in this case: (1) a motion for leave to correct the civil cover sheet, complaint, and docket sheet (Doc. No. 18); (2) a motion for summary judgment (Doc. No. 19); (3) a motion to take judicial notice (Doc. No. 20); (4) a motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(e) (Doc. No. 22); (5) a motion for leave to amend the motion for summary judgment (Doc. No. 24); (6) a motion for leave to correct

determination that it lacks subject matter jurisdiction, and he requests leave to amend his complaint to plead facts that he believes will demonstrate that the Court may exercise jurisdiction over this matter. Everlake, Lincoln, and Allstate have filed a response in opposition to White's motion to alter or amend the judgment. (Doc. No. 29 (Response to Motion to Amend).) As set forth below, White's pending motions are all without merit and are DENIED.

I. **BACKGROUND**

On August 9, 2023, White filed a lawsuit against defendants Allstate Insurance Company ("Allstate"), Lincoln Benefit Life Company ("Lincoln"), Everlake Life Insurance Company ("Everlake"), Ranice Westerfield ("Westerfield"), and Robert M. Malbasa ("Malbasa"), raising a variety of state law claims related to the administration of an insurance policy he held with Allstate. (*See generally* Doc. No. 1.) He asserted diversity of citizenship as the basis for federal jurisdiction. (*Id.* at 3.) Everlake filed a motion to dismiss the case for lack of subject matter jurisdiction, and White failed to timely respond. (Doc. No. 9 (Motion to Dismiss).)

In its decision dismissing this action without prejudice, the Court first addressed whether there was diversity jurisdiction in this case, which requires that the citizenship of the plaintiff is "diverse from the citizenship of each defendant." (Doc. No. 16, at 4 (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996)).) In his complaint, White asserted that he is a citizen of the State of Ohio and that he is only residing in Illinois by virtue of his incarceration. (*Id.* at 6 (citing Doc. No. 1, at 2, 5).) White also alleged that Allstate, Everlake, and Lincoln all have their principal places of business in the State of Ohio (*id.* (citing Doc. No. 1, at 5–6)) and that Malbasa and Westerfield are citizens of Ohio. (*Id.* (citing Doc. No. 1, at 6–7).)

---

the document title on the motion for summary judgment (Doc. No. 25); (7) a second motion to take judicial notice (Doc. No. 26); and (8) a motion to compel document service, pursuant to Fed. R. Civ. P. 5 (Doc. No. 28).

Based on these facts, the Court concluded that diversity jurisdiction did not exist in this case because White was not diverse from each defendant. (*Id.*)

Although White did not list federal question jurisdiction as a basis for subject matter jurisdiction in his complaint, the Court also addressed federal question jurisdiction. (*Id.* at 6.) The Court determined that federal question jurisdiction did not exist. (*Id.* at 7.) It explained that White raised seven causes of action sounding in state law, and although he cited 15 U.S.C. § 80a-11 and 15 U.S.C. § 80a-35 in support of his claims, those statutes were not relevant to the allegations in the complaint and thus could not supply the Court with jurisdiction. (*Id.*)

## II. DISCUSSION

As an initial matter, White challenges the Court's determination that Everlake's motion was unopposed. (*See* Doc. No. 22, at 1, 3–6 (citing Doc. No. 16, at 1).) Under the Court's local rules, White was required to file a response to this non-dispositive motion within fourteen (14) days of service and failed to do so. *See* N.D. Ohio L.R. 7.1(d).[2] The question, however, of when a response was due under the local rules is academic. Federal courts have a duty, independent of any motion filed by a party, "to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Hawkins v. Bruner*, No. 1:12-cv-1359, 2012 WL 4483888, at *3 (N.D. Ohio Sept. 27, 2012) (quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)). In fact, the Court dismissed White's prior action—N.D. Ohio Case No. 5:22-cv-604—*sua sponte*. (*See* No. 5:22-cv-604, Doc. No. 81, at 5.) Nevertheless,

---

[2] The Court acknowledges that there is some ambiguity in the local rules as to whether Everlake's motion should have been treated as dispositive, entitling White to 30 days to respond to Everlake's motion. Of course, White's filings would have been untimely even under the more generous 30-day period, as they were filed more than 30 days after Everlake's motion was filed. Nevertheless, this ambiguity has factored into the Court's decision to consider the arguments White advanced in his post-judgment filings.

3

given White's *pro se* status, and in an abundance of caution, the Court will consider in the first instance White's untimely arguments relating to subject matter jurisdiction.

With respect to diversity jurisdiction, White now seeks to inject the following facts into the case: that defendants Allstate, Everlake, and Lincoln all have their principal places in states other than Ohio. (Doc. No. 19, at 6–7.)[3] As the defendants note in their response (*see* Doc. No. 29, at 5), even if the Court were to permit White to amend his complaint to raise these new allegations, they would not demonstrate that diversity jurisdiction exists.

As the Court explained in its original dismissal of this action, diversity of citizenship is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). For diversity to lie, diversity must be complete, meaning that the citizenship of the plaintiff must be "diverse from the citizenship of each defendant." *Caterpillar*, 519 U.S. at 68; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978) (noting that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from each plaintiff" (emphasis in original)). Even if the Court now assumes that Allstate, Everlake, and Lincoln are citizens of states other than Ohio, diversity would still not be complete because White, Malbasa, and Westerfield are all citizens of Ohio—*i.e.*, White's citizenship is not "diverse from the citizenship of *each* defendant[,]" as is required for diversity jurisdiction. *Caterpillar Inc.*, 519 U.S. at 68 (emphasis added). White, therefore, can point to no error with the Court's prior ruling that diversity jurisdiction is lacking.

---

[3] Specifically, in his motion entitled "summary judgment," White suggests for the first time that the principal places of business for Allstate and Everlake are located in Illinois, and Lincoln's principal place of business is in Nebraska. (*Id.*)

White also alleges that the Court has federal question jurisdiction in this case. (*See* Doc. No. 19, at 9–14; Doc. No. 18, at 1.) Federal question jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983); *see Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). The United States Court of Appeals for the Sixth Circuit has identified four ways in which a complaint can "arise under" federal law to establish federal question jurisdiction: "it . . . (1) states a federal cause of action; (2) includes state-law claims that necessarily depend on a substantial and disputed federal issue; (3) raises state-law claims that are completely preempted by federal law; or (4) artfully pleads state-law claims that amount to federal-law claims in disguise." *Ohio ex rel. Skaggs v. Brunner,* 629 F.3d 527, 530 (6th Cir. 2010) (citing *Mikulski v. Centerior Energy Corp.,* 501 F.3d 555, 560 (6th Cir. 2007) (en banc)).

White raises seven state law causes of action in his complaint. (*See* Doc. No. 1, at 7.) In his Rule 59(e) motion and his motion for summary judgment, he cites 18 U.S.C. § 1346 and 18 U.S.C. § 1343 in support of federal question jurisdiction. (*See* Doc. No. 22, at 5–6; Doc. No. 19, at 13.) But these are criminal statutes, which "do not give rise to a private cause of action and cannot be a basis for a private civil action." *Hooker v. Hooker*, No. No. 2:11-cv-02252, 2013 WL 12253554, at *5–6 (W.D. Tenn. Mar. 18, 2013). Additionally, in his motion for summary judgment, White argues that under the McCarran–Ferguson Act, 15 U.S.C. §§ 1011–15, the insurance business is subject to the Sherman Anti-Trust Act and the other Federal Anti-Trust Acts. (Doc. No. 19, at 11–12 (citation omitted).) As the defendants argue in their response (*see* Doc. No.

5

29, at 6), such statutes are not relevant to the allegations in White's complaint, which relate to the administration of an insurance contract.

For these reasons, the statutes White now cites cannot be used to form the basis of federal question subject matter jurisdiction. White has, therefore, failed to demonstrate that the Court erred in finding that there is no subject matter jurisdiction in this case under 28 U.S.C. § 1331.

### III. CONCLUSION

For the foregoing reasons, White's post-judgment motions—Doc. Nos. 18–20, 22, 24, 25, 26, and 28—are denied. Pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that an appeal from this decision could not be taken in good faith.

Further, the Court issues a word of caution. While the Court is very tolerant of legal filings from *pro se* litigants, the present action represents the second time White has attempted to assert the same or similar claims in a jurisdiction that has no jurisdiction to hear them. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which wastes judicial resources and impairs their ability to carry out Article III functions. *See Douglas v. Cleveland*, 1:12-cv-1145, 2012 WL 4753365, at *7 (N.D. Ohio Oct. 4, 2012) (citation omitted). Toward that end, White is warned that, should he persist in asserting the same causes of action in this jurisdiction or in filing frivolous motions herein, the Court may consider placing him on Restricted Filer status.

**IT IS SO ORDERED**.

Dated: November 22, 2023

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**